[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #120
 FACTS
The motion before the court is the defendant, Marin Environmental, Inc.'s, motion to dismiss for failure to comply with court orders. This action arises out of severe injuries the plaintiff, Richard A. Wright, Jr., sustained when he fell while working on a building owned by another defendant, the Stop and Shop Corporation. The other named defendant is the Jostel Corporation. The plaintiff and his wife, Robin Wright, filed a three count complaint on February 17, 2000. In count one of their revised complaint, filed on October 2, 2000, the plaintiff's allege, inter alia, that Stop and Shop and Jostel had a duty to provide Richard A. Wright with safe working conditions, and that as a direct and proximate result of the defendants' failure to do so, he suffered serious and permanent incapacitating injuries, depression, and asbestos ingestion. In count two, the plaintiff's allege, inter alia, that Marin Environmental knew, or reasonably should have known, of the dangerous working conditions and that they owed a duty to Richard A. Wright to warn him of said conditions. In count three, which is directed at all the defendants, Robin Wright alleges loss of consortium as well as loss of the possibility of conceiving a second child.
On March 10, 2000, Marin Environmental filled a request to revise, requesting that the plaintiff's revise their original complaint.[1] The plaintiffs did not file an objection to the request. Therefore, pursuant to Practice Book § 10-37, the request is deemed to have been granted as of the date it was filed and the plaintiffs were required to comply with it within thirty days of that date. Marin Environmental filed a motion for nonsuit on April 20, 2000, based on the plaintiffs' failure to comply with its request to revise. On June 9, 2000, the court, Skolnick, J., denied the motion for nonsuit and ordered the plaintiffs to file a revised complaint in conformity with the defendant's request to revise by July 15, 2000. Marin Environmental filed a second motion for nonsuit on July 24, 2000, based, inter alia, on the plaintiffs' failure to comply with the court's order to file a revised complaint. CT Page 3724
The plaintiffs filed a two count revised complaint on August 7, 2000. On the same date, the plaintiffs' attorney, Richard Lamere, filed an affidavit averring that the plaintiffs had complied with the court's orders. On August 16, 2000, Marin Environmental filed an objection to the plaintiffs' revised complaint and affidavit, and a renewed motion for nonsuit based on the plaintiff's failure to comply with the court's orders regarding its request to revise. The court, Skolnick, J., denied Marin Environmental's second motion for nonsuit for failure to comply with court orders on September 11, 2000, and ordered the plaintiffs to respond to all outstanding discovery requests and to refile the entire complaint, within three weeks of that date. On October 2, 2000, the plaintiffs filed a revised complaint. On September 25, 2001, Marin Environmental filed the present motion to dismiss for failure to comply with court orders. In its motion to dismiss, Marin Environmental alleges that the plaintiffs have ignored or refused to comply with three court orders directing them to revise their complaint in accordance with Marin Environmental's request to revise which was filed on March 10, 2000.[2]
 DISCUSSION
In its motion to dismiss, the defendant, Marin Environmental, requests that the court dismiss [the plaintiffs'] revised complaint "for failure to comply with three court orders regarding its revision." Marine Environmental does not cite any Practice Book section or Connecticut General Statute section pursuant to which the court can dismiss a complaint on these grounds.
Practice Book ¶ 17-31 governs a party's failure to revise. It provides, in part, "[w]here either party is in default by reason of failure to comply with [Practice Book] § 10-35 [Request to Revise] . . ., the adverse party may file a written motion for nonsuit or default. . . ."[3]
Accordingly, Marine Environmental's motion to dismiss is denied.